FILED
United States Court of Appeals
Tenth Circuit

December 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WENDY COBB,

      Petitioner - Appellant,

v.

DEBBIE ALDRIDGE, Warden,

      Respondent - Appellee.

No. 16-5134
(D.C. No. 4:14-CV-00335-GKF-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Wendy Cobb, an Oklahoma prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of her request for habeas

relief. Because Ms. Cobb has failed to satisfy the standards for issuance of a COA,

we deny the request and dismiss this matter.

In 2009, a fire occurred at the home of Ms. Cobb and her estranged husband,

Michael Cobb. Investigators found Mr. Cobb's body in the remains of the fire.

Following the medical examiner's determination that Mr. Cobb died from a blow to

the head, the incident was investigated as murder.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

At the time of the fire, the Cobbs were embroiled in an acrimonious divorce. Shortly after the incident, Ms. Cobb's boyfriend, Nicholas Shires, was arrested and charged with first degree murder. He eventually confessed and implicated Ms. Cobb in the crime. Mr. Shires agreed to testify against her at trial in exchange for a 22-year sentence.

At trial Mr. Shires testified that he volunteered to kill Mr. Cobb. According to Mr. Shires, he waited at the Cobbs' home for Mr. Cobb to come home and, after a struggle, he hit Mr. Cobb in the head with a baseball bat and dragged his body into a bedroom. He then poured gasoline throughout the house and set the fire. Mr. Shires further testified that Ms. Cobb planned the killing, drove him to the Cobbs' home, provided him with the bat and gasoline, and loaned him the motorcycle that he used to flee the scene. A number of other witnesses also testified at trial and gave evidence that implicated Ms. Cobb in the murder. The jury found her guilty of first degree murder and she was sentenced to life in prison.

The Oklahoma Court of Criminal Appeals (OCCA) affirmed Ms. Cobb's conviction and sentence on direct appeal. The federal district court denied Ms. Cobb's application for habeas relief under 28 U.S.C. § 2254 and denied a COA. Ms. Cobb has moved for a COA in this court on one issue—the evidence was insufficient to find her guilty of first degree murder.

Ms. Cobb may not appeal the district court's denial of her § 2254 application without a COA. 28 U.S.C. § 2253(c)(1)(A); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA, she must make "a substantial showing of the

2

denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs federal habeas review of state court decisions. *See* 28 U.S.C. § 2254. If state court proceedings adjudicated the merits of a claim, as it did regarding Ms. Cobb's sufficiency-of-the-evidence argument, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *id*. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2). The state courts' factual determinations "shall be presumed to be correct." *Id*. § 2254(e)(1).

In deciding whether to grant a COA, we are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336.

In her habeas petition, Ms. Cobb argued that the evidence introduced at trial was insufficient to establish that she participated in the murder. When reviewing the sufficiency of evidence in a habeas action, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier

3

of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

In her direct appeal to the OCCA, Ms. Cobb argued that Mr. Shires's testimony was not sufficiently corroborated under Okla. Stat. tit. 22, § 742, and thus could not be considered in the sufficiency analysis. She further maintained that without Mr. Shires's testimony, the remaining evidence was insufficient to support the conviction. The OCCA found that Mr. Shires's testimony was adequately corroborated, and his testimony, along with the other evidence, was sufficient to support Ms. Cobb's conviction.

In reviewing the OCCA's decision, the district court held that there is no principle of *federal* law that requires the exclusion of the uncorroborated testimony of an accomplice. It further held that when Mr. Shires's testimony and the other evidence was viewed in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. No reasonable jurist would find the district court's resolution of this claim debatable or wrong.

We deny Ms. Cobb's request for a COA and dismiss the appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

4